**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

THOMAS H. STABB, JR.,

                           Plaintiff,          5:25-CV-0280
    v.                                         (ECC/PJE)

SYRACUSE POLICE DEPARTMENT, et al.,

                           Defendants.

---

**APPEARANCES:**

Thomas H. Stabb, Jr.
A02505
Central Florida Reception Center
East Unit
7000 H.C. Kelly Rd.
Orlando, Florida 32831-2518
Plaintiff pro se

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION & ORDER

#### I. Introduction & In Forma Pauperis

Plaintiff commenced this action on March 3, 2025, with the filing of a complaint. *See* Dkt. No. 1. As he did not pay the filing fee or seek leave to proceed in forma pauperis ("IFP"), the Court administratively closed the matter with an opportunity for plaintiff to comply with the filing fee requirement or complete an IFP application. *See* Dkt. No. 2. On March 31, 2025, upon receipt of plaintiff's IFP application and inmate authorization form, the Court reopened the case. *See* Dkt. Nos. 3, 4, 5. Presently before the undersigned is review of plaintiff's IFP application and review of the

complaint pursuant to 28 U.S.C. §1915(e)(2), 28 U.S.C. §1915A.  Having reviewed plaintiff's IFP application, the undersigned concludes that he financially qualifies to proceed IFP.[1]  See Dkt. No. 3.

## II. Legal Standards

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  At the pleading stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).  However, the Court need not accept as true "legal conclusions." *Iqbal*, 556 U.S. at 678.  A pro se complaint is entitled to special solicitude and must be liberally construed, meaning that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Nevertheless, a district court may dismiss the complaint *sua sponte* if it determines that it lacks subject matter jurisdiction or that the complaint is frivolous.  *See* FED. R. CIV. P. 12(h)(3); *Fitzgerald v. First E. Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam); *see Tyler v. Carter*, 151 F.R.D. 537 (S.D.N.Y. 1993), *aff'd*, 41 F.3d 1500 (2d Cir. 1994).  Even pro se plaintiffs must establish that the Court has subject matter jurisdiction, either through federal question jurisdiction, which

---

[1]  Despite being granted IFP status, plaintiff will still be required to pay any costs and fees he incurs in this matter, including but not limited to copying fees and witness fees.

occurs when a federal question is presented, 28 U.S.C. § 1331, or through diversity jurisdiction, which is when the plaintiff and all defendants are of diverse citizenship and the amount involved is greater than $75,000, 28 U.S.C. § 1332. *See Hamm v. United States*, 483 F.3d 135 (2d Cir. 2007). "An action is 'frivolous' when either: (1) 'the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy'; or (2) 'the claim is based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (additional internal quotation marks and citations omitted). Further, a complaint that is "so confused, ambiguous, vague[,] or otherwise unintelligible that its true substance, if any, is well disguised," fails to comply with Rule 8 [of the Federal Rules of Civil Procedure]." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *see Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995).

The Court is required to construe pro se pleadings liberally and interpret them to raise the "strongest [claims] that they suggest." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations or arguments that the submissions themselves do not "suggest," that we should not "excuse frivolous or vexatious filings by pro se litigants," and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law[.]" *Triestman*, 470 F.3d at 477 (internal citations, quotation marks, and footnote omitted); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191-92 (2d Cir. 2008). An action is considered "frivolous" when the claims are based on

indisputably meritless legal theories. *See Livingston v. Adirondack Beverage Co.*, 141 F.3d 434 (2d Cir. 1998) (internal quotation marks omitted). "The [Second Circuit]'s 'special solicitude' for pro se pleadings has its limits, because pro se pleadings still must comply with . . . the Federal Rules of Civil Procedure." *Kastner v. Tri State Eye*, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019) (quoting *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994)).[2]

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Flores v. Graphtex*, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought." FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." *Id.* at 8(d).

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 555). Thus, a pleading that "tenders naked assertions devoid of further factual enhancement" does not suffice." *Id.* (internal quotation marks and alterations

---

[2] Unless otherwise noted, the Court has provided plaintiff copies of the unpublished cases cited herein.

4

omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order). Indeed, a complaint that fails to comply with these pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

Further, Rule 10 provides:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Flores*, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (citations omitted).

### III.  Discussion[3]

Here, plaintiff submits his complaint on a form complaint for civil rights actions brought pursuant to 42 U.S.C. § 1983.  *See* Dkt. No. 1 ("Compl."). He indicates that he is suing the Syracuse Police Department and "Barnes, investigator with the Syracuse Police Department," in his individual and official capacities. *See id.* at 2. In response to the form complaint's question asking under "what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials," plaintiff writes, "safety & security while in a florida prison." *Id.* at 3. Plaintiff states, "I have been made a slave imprison (sic) for having a sex crime. I have to clean, do laundry for hang members in another state for Syracuse Pol lossing [sic] my ny sex offender registry paperwork." *Id.* at 5. Plaintiff seeks "$600 million dollars for putting my life in danger mental & emotional anguish, stressing me out while I am terminally ill." *Id.*

It is recommended that plaintiff's complaint be dismissed for failure to meet the pleading requires of Rules 8 and 10. Plaintiff's complaint fails to provide any factual

---

[3] The Court has provided plaintiff copies of any unpublished cases cited herein.

context. He does not identify any constitutional provisions that he alleges defendant to have violated. The Complaint does not provide a short and plain statement of any claim showing that plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a); Salahuddin, 861 F.2d at 42. The complaint fully fails to give fair notice to the defendants of the claims against them. *Flores*, 189 F.R.D. at 54. Plaintiff does not explain how defendants allegedly losing "[his] ny sex offender registry paperwork" resulted in him being imprisoned in a Florida correctional facility or how the facility's requirement that he perform work without pay is connected to any conduct attributable to defendants. Dkt. No. 1 at 5. Thus, he does not explain how defendants are personally involved in any constitutional violation. "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). To demonstrate personal involvement, a plaintiff must present evidence that "'each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Ashcroft*, 556 U.S. at 676).

Further, plaintiff improperly names the Syracuse Police Department as a defendant. "It is well established that '[a] police department is an administrative arm of [a] municipal corporation,' and 'cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity.'" *Kelly v. Guilderland Police Dep't*, No. 8:20-CV-235 (DNH/CFH), 2020 WL 6083454, at *3 (N.D.N.Y. Sept. 10, 2020), *report and recommendation adopted*, No. 8:20-CV-235 (DNH/CFH), 2020 WL 6075844 (N.D.N.Y. Oct. 14, 2020) (*Baker v. Willett*, 42 F. Supp.

2d 192, 198 (N.D.N.Y. 1999) (citations omitted)).  Even if plaintiff had brought his claims against the City of Syracuse, he still fails to plead a *Monell* claim, *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690-91 (1978), because "to plead a claim against a municipality, a plaintiff must allege that he was harmed by a municipal 'policy' or 'custom.'"  *Kelly*, 2020 WL 6083454, at *3.  Plaintiff has not made any such claims.

Further, the Eleventh Amendment prohibits any claims against an individual officer, Burns, from claims against him in his official capacity for monetary damages. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 167 (1985).  Thus, official capacity claims against defendant Burns for monetary damages must be dismissed with prejudice.

Generally, "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). "However, if the problems with a complaint are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'"  *Id.* (citing *Edwards v. Penix*, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, the undersigned concludes that plaintiff's claims – excepting claims made against Burns in his official capacity for money damages and against the Syracuse Police Department – *may* potentially be cured by a better pleading.  Thus, in light of special solicitude, it is recommended that those claims be dismissed without prejudice and with leave to amend.

### IV. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's in forma pauperis application, Dkt. No. 3, is **GRANTED**; and it is

**RECOMMENDED**, that claims against the Syracuse Police Department and claims against Burns in his official capacity for monetary damages, Dkt. No. 1, be **DISMISSED without prejudice and without opportunity to amend**[4]; and it is further

**RECOMMENDED**, that the remainder of plaintiff's complaint, Dkt. No. 1, be **DISMISSED without prejudice and with opportunity to amend**; and it is

**ORDERED**, that the Clerk serve this Report-Recommendation & Order on plaintiff in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72.[5]

**IT IS SO ORDERED**.

---

[4] In the event the District Judge adopts the undersigned's Report-Recommendation & Order and plaintiff is permitted to amend his amended complaint, any amended complaint must be signed.  It cannot incorporate a prior complaint by reference. Any amended complaint supersedes and replaces a prior complaint in its entirety. An amended pleading must establish this Court's jurisdiction and state a claim for relief against each named defendant for which leave to replead was granted and comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

[5] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen-day (14) period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. *See* Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See id.* § 6(a)(1)(c).

Dated: October 7, 2025
Albany, New York

_____
Paul J. Evangelista
U.S. Magistrate Judge